## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ANITA GORDON, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:17-cv-463 |
| | § | |
| A.C. GRACE COMPANY, LLC, AND | § | |
| JIM CAPPS, INDIVIDUALLY, | § | |
| | § | |
| DEFENDANTS | § | |

## ORIGINAL COMPLAINT

Plaintiff Anita Gordon brings suit against Defendants A.C. Grace Company, LLC and Jim Capps, Individually ("Defendants") and in support would show as follows:

### I. PRELIMINARY STATEMENT

1.1  This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendants are in the business of selling vitamins and supplements. Anita Gordon ("Gordon" or "Plaintiff") worked for Defendants from 2007 to May 5, 2017, taking orders for Defendants' products and handling customer service issues. Ms. Gordon, an hourly, non-exempt employee, consistently worked more than forty hours per week, but was never paid overtime compensation for any hours worked over forty.

1.2  Gordon brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     During the course of Gordon's employment, Defendants willfully committed violations of the FLSA by failing to pay Gordon for overtime hours she worked in excess of forty hours per week at a rate of one and one-half times her regular rate of pay.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant A.C. Grace Company, LLC because this entity conducts business in Texas and has entered into relationships with Gordon in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Anita Gordon is an individual residing in this judicial district.

**B.     Defendants**

3.2     Defendant A.C. Grace Company, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Big Sandy, Texas.

3.3     Defendant A.C. Grace Company, LLC was an employer of Gordon as defined by 29 U.S.C. §203(d).

3.4     Defendant A.C. Grace Company, LLC can be served with process by serving its registered agent for service of process, Kenneth E. Raney at 110 N. College, #1401, Tyler, Texas 75702.

3.5.    Defendant Jim Capps is an individual who resides in Big Sandy, Texas.

3.6     At all times relevant to this claim, Defendant Jim Capps acted directly or indirectly in the interest of Defendant A.C. Grace Company, LLC in relation to Gordon's employment.

3.7     At all times, Defendant Jim Capps was substantially in control of the terms and conditions of Gordon's work.

3.8     Defendant Jim Capps was an employer of Gordon as defined by 29 U.S.C. §203(d).

3.9     Jim Capps may be served with process at 111 E. Gilmer St., Big Sandy, Texas 75755.

## IV.    FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant A.C. Grace Company, LLC had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Gordon, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant A.C. Grace Company, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Gordon was individually engaged in interstate commerce or in the

production of goods for commerce while performing her job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendant A.C. Grace Company, LLC sells vitamins and supplements.

5.2     Defendants employed Gordon during the three-year period preceding the filing of this Complaint. Specifically, Anita Gordon was employed from 2007 through May 5, 2017. Ms. Gordon would take orders for Defendants' products and would also field customer service calls relating to Defendants' products.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Gordon during her employment with Defendants.

5.5     Gordon was required to comply with Defendants' policies and procedures in performing her work during her employment with Defendants.

5.6     As the President of Defendant A.C. Grace Company, LLC, Jim Capps independently exercised control over the work performed by Gordon.

5.7     Jim Capps is responsible for running the day-to-day operations of Defendant A.C. Grace Company, LLC.

5.8     Jim Capps, acting directly in the interest of Defendant A.C. Grace Company, LLC, determined the wages to be paid to Gordon.

5.9     Jim Capps, acting directly in the interest of Defendant A.C. Grace Company, LLC, determined the work to be performed by Gordon and monitored and directed Gordon's work on a

regular basis.

5.10    Jim Capps, acting directly in the interest of Defendant A.C. Grace Company, LLC, determined the locations where Gordon would work.

5.11    Jim Capps, acting directly in the interest of Defendant A.C. Grace Company, LLC, determined Gordon's hours.

5.12    Jim Capps, acting directly in the interest of Defendant A.C. Grace Company, LLC, determined Gordon's conditions of employment.

5.13    Jim Capps, acting directly in the interest of Defendant A.C. Grace Company, LLC, maintained employment records on Gordon.

5.14    Jim Capps, acting directly in the interest of Defendant A.C. Grace Company, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Gordon.

5.15    Gordon was a non-exempt employee under the FLSA.

5.16    Gordon normally worked in excess of forty hours per week.

5.17    Although Gordon worked more than forty hours per week, Gordon has not been compensated for her overtime hours at one and one-half times her regular rate of pay.

## VI.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     As a non-exempt employee under the FLSA, if Gordon worked over forty hours in a workweek, Gordon was entitled to overtime pay for these hours.

6.3    Over the course of the relevant period, Gordon routinely worked in excess of forty hours per week.

6.4     Even though Gordon worked in excess of forty hours per week, Defendants failed to pay Gordon overtime pay for any hours worked in excess of forty per week.

6.5     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Gordon overtime compensation for all hours worked over forty per workweek.

6.6     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Gordon.

6.7     No excuse, legal justification or exemption excuses Defendants' failure to pay Gordon overtime compensation for hours worked over forty in a workweek.

6.8     Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

6.9     Gordon seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Anita Gordon respectfully prays that Defendants A.C. Grace Company, LLC and Jim Capps, Individually, be cited to appear, and that, upon trial of this matter, Gordon recover the following against Defendants, jointly and severally:

   a.   Actual damages for the full amount of Gordon's unpaid overtime compensation;

   b.   Liquidated damages in an amount equal to Gordon's unpaid overtime compensation;

c.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEY FOR PLAINTIFF